UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BROWN EDWARDS, JR., #239077,

        Petitioner,

v.                                 CASE NO. 05-CV-74558-DT
                                  HONORABLE LAWRENCE P. ZATKOFF

MARY BERGHUIS,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

      Petitioner James Brown Edwards, Jr., has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1994 second-degree murder and possession of a firearm during the commission of a felony convictions which were imposed following a jury trial in the Genesee County Circuit Court. Petitioner pleaded guilty to being a second habitual offender and was sentenced to consecutive terms of 25 to 40 years imprisonment and two years imprisonment on those convictions. Petitioner has previously filed a petition for a writ of habeas corpus in federal court challenging the same convictions. For the following reasons, this Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re*

*Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner previously filed a federal habeas petition challenging the same convictions at issue in the instant petition, which was initially dismissed without prejudice for failure to exhaust state court remedies on August 14, 1998. Petitioner subsequently filed a letter seeking to proceed on his habeas claims, which was construed as a motion to re-open his habeas case and was denied for failure to comply with the one-year statute of limitations applicable to federal habeas actions. *See Edwards v. Elo*, No. 98-72621 (E.D. Mich. March 1, 2002) (Cohn, J.). Petitioner's motion for relief from judgment was denied. Additionally, the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability, *Edwards v. Elo*, No. 02-1548 (6th Cir. Oct. 31, 2002), and the United States Supreme Court denied a writ of certiorari. *Edwards v. LaVigne*, 539 U.S. 905 (2003). Petitioner has neither sought nor obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47

---

[1]28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

(6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

                              s/Lawrence P. Zatkoff
                              LAWRENCE P. ZATKOFF
                              UNITED STATES DISTRICT JUDGE

Dated: April 28, 2006

## CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 28, 2006.

                              s/Marie E. Verlinde
                              Case Manager
                              (810) 984-3290